# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ROME DIVISION

| | |
|---|---|
| Carmen Smith, | ) |
|     Plaintiff, | ) Civil Action File No.: |
| v. | ) |
| ETourandTravel, Inc., | ) **COMPLAINT** |
|     Defendant. | ) **WITH JURY TRIAL DEMAND** |

## PRELIMINARY STATEMENT

This action for damages is based on Defendant's frequent and unauthorized calls to Plaintiff's cellular telephone to advertise its products and/or services. Plaintiff seeks monetary relief based on Defendant's violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, *et seq.*, and the Georgia Fair Business Practices Act ("GFBPA"), O.C.G.A. § 10-1-393, *et seq.*

## PARTIES

1. Plaintiff, Carmen Smith, is a natural person who resides in Floyd County, Georgia.

2. Defendant, ETourandTravel, Inc., is a corporation formed under the laws of the State of Florida. Defendant may be served with process via its registered

1

agent, Corporation Service Company, at 1201 Hays Street, Tallahassee, Florida 32301-2525.

3. At all relevant times hereto, Defendant acted through its agents, employees, officers, members, directors, and/or representatives.

## JURISDICTION AND VENUE

4. This Court has federal question jurisdiction over Plaintiff's TCPA claims pursuant to 28 U.S.C. § 1331 and 47 U.S.C. § 227(b)(3). *See Mims v. Arrow Fin. Serv., LLC*, 132 S. Ct. 740, 753 (2012) (holding federal district courts have federal question jurisdiction over TCPA claims). This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

5. This Court has personal jurisdiction over Defendant pursuant to O.C.G.A. § 9-10-91(1) because, *inter alia*, Defendant frequently and routinely conducts business in the State of Georgia, including the conduct complained of herein.

6. Pursuant to 28 U.S.C. § 1391, venue is proper in the Northern District of Georgia because a substantial part of the events or omissions giving rise to the claims occurred in this district. Pursuant to LR 3.1B(3), NDGa, venue is proper in the Rome Division because the conduct complained of herein occurred in Floyd County, which is in the Rome Division.

## FACTUAL ALLEGATIONS

7. Plaintiff is the subscriber for the cellular telephone with the number 706-***-1666 (the "Cell Phone").

8. Beginning on or around April 2016, Plaintiff began receiving calls on her Cell Phone from Defendant seeking to sell its services.

9. Defendant's calls to Plaintiff were made from multiple phone numbers, including 407-515-2822 and 407-515-2416.

10. The phone numbers set forth in Enumeration 9 above are utilized by or under the control of Defendant.

11. Defendant's purpose in calling the Plaintiff's cell phone was the sale of goods or services in the form of "discount vacation packages"

12. Since June, 2016, Plaintiff has received at least eight similar calls from Defendant.

13. When Plaintiff answered calls from Defendant, she heard pauses and/or clicks and a delay at the beginning of the calls.

14. Upon information and belief, Defendant used an autodialer and/or predictive dialing equipment to make its calls to Plaintiff.

15. Plaintiff never provided consent for Defendant to call her on her Cell Phone.

16. To the extent Plaintiff provided consent for Defendant to call her on her Cell Phone, Plaintiff explicitly revoked that consent.

17. On or about June 27, 2016 Plaintiff caused to be mailed to Defendant a letter specifically requesting that it cease calling her cell phone. That letter was delivered to Defendant's business address per the United States Postal Service (Certified Mail, Item No 9171 9690 0935 0132 8883 20) on July 1, 2016.

18. The calls described herein continued after Defendant received Plaintiff's written revocation; Defendant placed at least five such calls after receiving Plaintiff's written revocation.

19. Subsequent to her revocation of consent, Plaintiff did not provide additional consent for Defendant to contact her.

20. Defendant's calls to Plaintiff had no emergency purpose.

21. Defendant used multiple outgoing phone numbers to contact Plaintiff, making it impossible for Plaintiff to block and/or avoid the calls. Moreover, Plaintiff was unable to avoid or escape Defendant's repetitive calls. Even attempts to "block" the calls still resulted in brief "rings" and other alerts to Plaintiff's Cell Phone.

22. Once Defendant knew that Plaintiff did not wish to be called, there was no purpose for placing additional calls to her Cell Phone other than to annoy, abuse, or otherwise harass Plaintiff.

23. Plaintiff carries her Cell Phone on her person at most times to be accessible to her family, friends, and work-place. Calls from Defendant have interrupted and interfered with Plaintiff's daily life, and her interactions with family and friends, and coworkers.

## DAMAGES

24. Defendant's campaign of harassing phone calls has caused Plaintiff actual damages, including, but not limited to, (a) the consumption of "minutes" as contemplated in Plaintiff's cellular service resulting in Plaintiff paying for the calls initiated by Defendant, (b) depletion of Plaintiff's Cell Phone's battery life resulting in diminished preferred usage by Plaintiff, diminishing Plaintiff's ability to use it for its intended purpose, (c) removal of the phone during unlawful calls from the Plaintiff's preferred usage; (d) emotional distress—including frustration and aggravation—in managing, caused by the persistent calls, and (d) expenses associated with seeking to enforce Defendant's compliance with the law.

## CAUSES OF ACTION

### COUNT I
### VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
### 47 U.S.C. § 227, *et seq.*

25. Plaintiff incorporates by reference paragraphs 1 through 24 as though fully stated herein.

26. Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by making repeated phone calls to Plaintiff's Cell Phone, without permission or emergency purpose, and using an autodialer and/or predictive dialing equipment.

27. As a result of Defendant's violations of 47 U.S.C. § 227(b)(1)(A)(iii), Plaintiff is entitled to recover a minimum of $500.00 for each call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

28. Defendant knew that it did not have Plaintiff's consent to receive its calls at all. Its repeated calls were, therefore, knowing and/or willful violations of the TCPA.

29. Accordingly, pursuant to 47 U.S.C. § 227(b)(3)(C), Defendant's knowing and/or willful violations of the TCPA entitles Plaintiff to triple the amount of damages to which Plaintiff is otherwise entitled under 47 U.S.C. § 227(b)(3)(B).

## COUNT II
## VIOLATIONS OF THE GEORGIA FAIR BUSINESS PRACTICES ACT
## O.C.G.A. § 10-1-393(a)

30. Plaintiff incorporates by reference the preceding paragraphs as though fully stated herein.

31. O.C.G.A. § 10-1-393(a) broadly prohibits unfair business practices.

32. It was an unfair business practice for Defendant to call Plaintiff's Cell Phone repeatedly, without consent when it knew or should have known that the number was not that of the third-party it was seeking.

33. It was an unfair business practice for Defendant to repeatedly call Plaintiff's Cell Phone without consent for the purpose of coercing a third party to purchase goods or services.

34. It was an unfair business practice for Defendant to continue to contact Plaintiff after she requested that Defendant stop contacting her.

35. Defendant's actions have interfered with Plaintiff's daily life in a manner that she did not invite, disclaimed, and could not reasonably escape.

36. As pled above, Plaintiff was harmed by Defendant's unfair conduct.

37. Upon information and belief, Defendant regularly uses repeated, unauthorized calls to consumers in its solicitation efforts.

38. Upon information and belief, repeated and unauthorized calls to consumers are Defendant's *modus operandi* for solicitation and are done on a wide scale.

39. Defendant's conduct amounts to an unfair business practice.

40. Defendant's conduct has implications for the consuming public in general and potential negative impact on the consumer marketplace.

41. Defendant does not maintain a place of business in Georgia and has no assets in Georgia thus relieving Plaintiff of the Notice and Demand requirement of O.C.G.A. § 10-1-399(b).

42. As a result of Defendant's violations of O.C.G.A. § 10-1-393(a), Plaintiff is entitled to recover general damages pursuant to O.C.G.A. § 10-1-399(a).

43. Defendant's actions were intentional, rendering it liable for a mandatory award of treble damages pursuant to O.C.G.A. § 10-1-399(c), and potential additional exemplary damages pursuant to O.C.G.A. § 10-1-399(a).

44. Plaintiff is entitled to recover reasonable attorneys' fees and expenses pursuant to O.C.G.A. § 10-1-399(d).

45. Furthermore, because Defendant has acted in bad faith, been stubbornly litigious, and/or caused Plaintiff unnecessary trouble and expense,

Plaintiff is also entitled to an award of reasonable attorneys' fees and expenses pursuant to O.C.G.A. § 13-6-11.

## COUNT III
## VIOLATIONS OF THE GEORGIA FAIR BUSINESS PRACTICES ACT
## O.C.G.A. § 10-1-393(b)(22)

46. Plaintiff incorporates by reference the preceding paragraphs as though fully stated herein.

47. On July 14, 2016, Defendant placed a call to Plaintiff for the purpose of selling or marketing a "vacation, holiday, or an item described by terms of similar meaning" as defined by O.C.G.A. § 10-1-393(b)(22)(A).

48. On the July 14, 2016 call, Defendant's agent represented to Plaintiff that "we did get you qualified with our new 2016 promotion" to receive a Florida vacation for "$99 for four days, three nights in Orlando for five people." (hereinafter the "Florida Offer").

49. Defendant's agent further described the Florida Offer, reiterating that "it's only a $99 trip" and "you're staying in a four-and-a-half-star resort."

50. By making the Florida Offer, Defendant represented or implied to plaintiff that she that "has been selected or approved, or is in any other manner involved in a select or special group for receipt of an opportunity or prize."

51. In reality Plaintiff was not a prizewinner or a member of a select group; Defendant's telemarketing enterprise "is designed to make contact with prospective customers, or in which all or a substantial number of those entering such competitive enterprise receive the same prize or opportunity."

52. In making the Florida Offer, Defendant violated O.C.G.A. § 10-1-393(b)(22)(A).

53. Plaintiff is further informed and believes that the $99 price quoted for a four-day, three-night vacation for five people in a four-and-a-half-star Florida resort did not represent the actual cost of the purported trip, insofar as:

   a. The $99 price did not represent all transportation, meals, and lodging; or

   b. The representation was not accompanied by a specific description or any transportation, meals, or lodging which is not included; or

   c. The representation did not disclose that a deposit required to secure a reservation.

54. By making the above representations regarding the cost of the Florida Offer, Defendant violated O.C.G.A. § 10-1-393(b)(22)(B).

55. Defendant's conduct in connection with the Florida Offer amounts to an unfair business practice.

56. Defendant's conduct in connection with the Florida Offer has implications for the consuming public in general and potential negative impact on the consumer marketplace.

57. Defendant does not maintain a place of business in Georgia and has no assets in Georgia thus relieving Plaintiff of the Notice and Demand requirement of O.C.G.A. § 10-1-399(b).

58. As a result of Defendant's violations of O.C.G.A. § 10-1-393(b)(22), Plaintiff is entitled to recover general damages pursuant to O.C.G.A. § 10-1-399(a).

59. Defendant's actions were intentional, rendering it liable for a mandatory award of treble damages pursuant to O.C.G.A. § 10-1-399(c), and potential additional exemplary damages pursuant to O.C.G.A. § 10-1-399(a).

60. Plaintiff is entitled to recover reasonable attorneys' fees and expenses pursuant to O.C.G.A. § 10-1-399(d).

61. Furthermore, because Defendant has acted in bad faith, been stubbornly litigious, and/or caused Plaintiff unnecessary trouble and expense, Plaintiff is also entitled to an award of reasonable attorneys' fees and expenses pursuant to O.C.G.A. § 13-6-11.

## TRIAL BY JURY

62. Plaintiff is entitled to and hereby requests a trial by jury.

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant for:

a.) Damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B) & (C);

b.) Actual damages;

c.) General, exemplary, and treble damages pursuant to O.C.G.A. §§ 10-1-399(a) & (c);

d.) Reasonable attorneys' fees and costs pursuant to O.C.G.A. §§ 10-1-399(d) and/or 13-6-11; and

e.) Such other and further relief as may be just and proper.

Respectfully submitted, this 19th day of October, 2016.

**BERRY & ASSOCIATES**

*/s/ Matthew T. Berry*
Matthew T. Berry
Georgia Bar No.: 055663
*matt@mattberry.com*
Adam J. Klein
Georgia Bar No.: 425032
*aklein@mattberry.com*
2751 Buford Highway, Suite 600
Atlanta, GA 30324
Ph. (404) 235-3334
Fax (404) 235-3333

*Plaintiff's Attorneys*