IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| Carmen Smith, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | Civil Action No.: 4:16-cv-00304-HLM |
| | ) | |
| v. | ) | |
| | ) | |
| ETourandTravel, Inc., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## DEFENDANT'S INITIAL DISCLOSURES

In accordance with Rule 26(a) of the Federal Rules of Civil Procedure and this Court's Local Rule 26.1, and without waiver of the attorney-client privilege or any other applicable privilege or doctrine, Defendant makes the following initial disclosures to the best of its current knowledge and ability. Defendant reserves and does not waive its rights: (1) to modify or supplement these disclosures; (2) to object to subsequent discovery demands of Plaintiff; and (3) to object to the introduction as evidence at trial of any documents or information disclosed or referred to herein. Defendant also reserves the right to make any appropriate objections, including but not limited to relevance; work-product protection;

attorney-client privilege; inadmissibility of any evidence including, but not limited to, financial information, confidential business information, and trade secrets, whether of Defendant or any individual or entity to which Defendant is related, affiliated or contractually bound. All objections are expressly preserved.

**1) If the defendant is improperly identified, state defendant's correct identification and state whether defendant will accept service of an amended summons and complaint reflecting the information furnished in this disclosure response.**

Not applicable.

**2) Provide the names of any parties whom defendant contends are necessary parties to this action, but who have not been named by plaintiff. If defendant contends that there is a question of misjoinder of parties, provide the reasons for defendant's contention.**

Not applicable.

**3) Provide a detailed factual basis for the defense or defenses and any counterclaims or crossclaims asserted by defendant in the responsive pleading.**

Defendant has asserted numerous defenses in the responsive pleading. In general terms, Defendant asserts that in its dealings with Plaintiff, it has not engaged in any conduct that prohibited by the federal Telephone Consumer

Protection Act ("TCPA"), the Georgia Fair Business Practices Act (GFBPA), or any other law, and further asserts that Plaintiff lacks standing to assert her claim and/or has suffered no cognizable injury as a result of any actions of Defendant.

Moving to more specific positions Defendant is taking in its defense, Defendant asserts that although it placed phone calls to Plaintiff, Defendant had valid consent from Plaintiff to make all calls to her that it made. Specifically, Defendant received consent from Plaintiff to place such calls on or about April 28, 2016, when Plaintiff visited a web page sponsored by Defendant, clicked a box stating, "I confirm that my information above is accurate and consent to be called as provided above" directly underneath the following text:

> By checking the box and clicking "Continue" or "Submit", you are providing your electronic signature expressly authorizing and consenting to receive marketing calls and/or text messages (using an automated dialing system or containing pre-recorded messaging, at the number provided above) from or on behalf of ETourandTravel, Inc., a Florida corporation, even if this number is listed on any federal or state do not call registry. You understand that you are not required to provide your consent as a condition of purchasing any products or services.

Thus, Plaintiff expressly consented to receive, and Defendant in good faith believed that Plaintiff had consented to receive, from Defendant calls using an automated dialing system or containing pre-recorded messaging, by contacting Defendant via the Internet and providing such consent. Plaintiff understood that by

consenting to receive such calls, she would receive calls regarding discount travel promotions and offers.

In addition, although Plaintiff claims that a letter revoking any consent was delivered to Defendant on July 1, 2016, Defendant asserts that in fact it was not made aware of any revocation of consent, as it cannot confirm the receipt of any such letter. Furthermore, on the two occasions after the supposed delivery of her revocation of consent on which Defendant's representatives spoke to someone who apparently was Plaintiff (although apparently Plaintiff falsely denied on one call that she actually was Plaintiff by claiming that Plaintiff was "not here right now" or "not in right now"), Plaintiff failed to communicate that she no longer wished to receive telephone calls from Defendant and said nothing at all about any revocation of consent. These facts indicate both that she had not actually revoked consent and that Defendant had a good-faith basis for believing that she had not revoked consent. They also support Defendant's defenses of waiver and estoppel, as well as the defenses of laches and unclean hands.

Moreover, to the extent that such consent actually was received by Defendant on July 1, 2016 as Plaintiff alleges, Defendant nevertheless is not liable, because it ceased calling Defendant within a reasonable time after July 1, 2016,namely, as of July 14, 2016.

Defendant further asserts that, contrary to the allegations of the Complaint, it never took any actions to make it "impossible" for Plaintiff to block and/or avoid Defendant's calls. Defendant never intended to achieve this result and never took any actions that would bring about such result.

Defendant further asserts that, contrary to the allegations of the Complaint, at no time when placing a call to Plaintiff did Defendant "kn[o]w that Plaintiff did not wish to be called[.]" Instead, Defendant had received valid consent to make such calls, and Plaintiff failed to communicate or otherwise make Defendant aware of any revocation of such consent.

Defendant further asserts, contrary to the allegations of the Complaint, that repeated and unauthorized calls to consumers are not Defendant's *modus operandi* for solicitation and are not "done on a wide scale."

Defendant further asserts that, contrary to the allegations of the Complaint, it never called Plaintiff with the purpose "to annoy, abuse, or otherwise harass Plaintiff"; instead, it called Plaintiff, consistent with her expressed interest, only for lawful and appropriate purposes and in conformance with the law.

Defendant also contends the relief sought by Plaintiff pursuant to the statutory damages provisions of the TCPA and the GFBPA would violate the 5th, 6th, 8th, and 14th Amendments to the United States Constitution, because Plaintiff seeks the imposition of excessive fines that are grossly disproportionate to any

5

actual harm that she may have suffered, which, per the Complaint, is at most *de minimus* injury - especially considering, among other things, that Plaintiff indicated that she would like a call from Defendant, that only two of the calls Defendant placed to Plaintiff even connected, and that on those two calls Plaintiff did not even indicate that she did not wish to receive calls from Defendant.

Defendant further asserts that it has not violated O.C.G.A. § 10-1-393(b)(22)(A), because it never represented or implied to Plaintiff that she was a winner, was selected or approved, or was in any other manner involved in a select or special group for receipt of an opportunity or prize, or that she was entering a contest, sweepstakes, drawing, or other competitive enterprise from which a winner or select group will receive an opportunity or prize.

Defendant further asserts that it has not violated O.C.G.A. § 10-1-393(b)(22)(B), because Defendant made to Plaintiff no representation of the type referred to in O.C.G.A. § 10-1-393(b)(22)(A), and because even if it had done so, it had no opportunity to make the disclosures set forth in O.C.G.A. § 10-1-393(b)(22)(B)(i)-(iii) inasmuch as Plaintiff abruptly and emphatically ended the phone call during which Defendant made the representations which Plaintiff now claims constitute a violation of O.C.G.A. § 10-1-393(b)(22)(A) & (B).

Defendant further asserts that it has not otherwise violated the GFBPA, because, among other reasons, it has not engaged in any conduct towards Plaintiff that is unfair or deceptive within the meaning of O.C.G.A. § 10-1-393(a).

Defendant further asserts that because it has committed no violation of the GFPBA, and because its actions caused no cognizable injury to Plaintiff, it is not liable for general damages under the GFPBA. Furthermore, because Defendant is not liable for actual damages under the GFBPA, and because Defendant has committed no intentional violation of the GFBPA, it is not liable for any punitive or exemplary damages under the GFBPA.

Defendant further asserts that because Plaintiff cannot prevail on the merits of her claims, and therefore is entitled to no damages or other relief, Plaintiff is not entitled to attorney's fees.

**4) Describe in detail all statutes, codes, regulations, legal principles, standards and customs or usages, and illustrative case law which defendant contends are applicable in this action.**

Based on the Complaint, Defendant contends that the following statutes are applicable: 28 U.S.C. § 1331, 47 U.S.C. § 227, *et seq.*, and O.C.G.A. § 10-1-393, *et seq.*

Regarding Plaintiff's TCPA claims, Defendant asserts that the Federal Trade Commission regulation that grants an entity up to 30 days to honor consumers' do-

7

not-call requests made to the entity, 47 C.F.R. § 64.1200(d)(3), is applicable by analogy and supports its assertion that Defendant had a reasonable period of time, of at least 15 if not 30 days, to implement Plaintiff's alleged revocation of consent to call her.

Regarding Plaintiff's GFBPA claims, Defendant to date has identified the following illustrative case law: *Cornelius v. Home Comings Financial Network, Inc.*, 293 F. App'x 723, 727 (11th Cir. 2008) (plaintiff is entitled to no damages based on conduct that allegedly violates the GFBPA, where plaintiff suffered no injury); *Byung Ho Cheoun v. Infinite Energy, Inc.,* 363 F. App'x 691, 694-95 (11th Cir. 2010) (cause of action under GFBPA accrues when the business commits unfair or deceptive acts or practices in the conduct of consumer transactions, and the consumer suffers an injury as a result); *Williams v. Jet One Jets, Inc.*, 2010, 755 F. Supp. 2d 1281, 1289 (N.D. Ga. 2010) (to prevail on claim under GFBPA, claimant must prove violation of act, causation and injury); *id.* at 1290 (punitive damages cannot be awarded where no actual damages are awarded); *id.* (a prerequisite to an award of attorney's fees under O.C.G.A. § 13-6-11 is the award of damages or other relief).

**5)** **Provide the name and, if known, the address and telephone number of each individual likely to have discoverable information that you may use to support your claims or defenses, unless solely for impeachment,**

**identifying the subjects of the information. (Attach witness list to Initial Disclosures as Attachment A).**

See Attachment A

**6) Provide the name of any persons who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence. For all experts described in Fed. R. Civ. P. 26(a)(2)(B), provide a separate written report satisfying the provisions of that rule. (Attach expert witness list and written reports to Initial Disclosures as Attachment B).**

Defendant has not yet identified any persons who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence.

**7) Provide a copy of, or a description by category and location of, all documents, data compilations or other electronically stored information, and tangible things in your possession, custody, or control that you may use to support your claims or defenses unless solely for impeachment, identifying the subjects of this information. (Attach document list and descriptions to Initial Disclosures as Attachment C.)**

See Attachment C.

**8) In the space provided below, provide a computation of any category of damages claimed by you. In addition, include a copy of, or describe by category and location of, the documents or other evidentiary**

**material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered, making such documents or evidentiary material available for inspection and copying as under Fed. R. Civ. P. 34. (Attach any copies and descriptions to Initial Disclosures as Attachment D.)**

Not applicable.

**9) If defendant contends that some other person or legal entity is, in whole or in part, liable to the plaintiff or defendant in this matter, state the full name, address, and telephone number of such person or entity and describe in detail the basis of such liability.**

Not applicable.

**10) Attach for inspection and copying as under Fed. R. Civ. P. 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy the judgment. (Attach copy of insurance agreement to Initial Disclosures as Attachment E.)**

Not applicable.

# ATTACHMENT A

**Individuals likely to have discoverable information that Plaintiff may use to support its claims, unless solely for impeachment, with a description of the subjects of the information:**

1) <u>Deanna Calloway, former employee of Defendant</u>

    *Last known address:*     12127 Green Badger Lane # 1164
                              Orlando, FL  32817

<u>Subject of information</u>:  Ms. Calloway is likely to have discoverable information concerning a phone call she made on July 12, 2016 to phone number 706-\*\*\*-1666.

2) <u>Matthew Henderson, former employee of Defendant</u>

    *Last known address:*     14521 Tanja King Blvd
                              Orlando, FL  32828

<u>Subject of information</u>:  Mr. Henderson is likely to have discoverable information concerning a phone call he made on July 14, 2016 to phone number 706-\*\*\*-1666.

3) <u>Adam Brannon, Chief Technology Officer of Resort Hospitality Solutions, Inc., a provider to Defendant of IT and other services</u>

    *Contact through Eli Richardson, counsel for Defendant*

<u>Subject of information</u>:  Mr. Brannon is likely to have discoverable information concerning Defendant's procedures related to the phone calls placed to phone number 706-\*\*\*-1666 on Defendant's behalf, Defendant's records documenting phone calls placed to phone number 706-\*\*\*-1666 on Defendant's behalf, recordings of phone calls placed to phone number 706-\*\*\*-1666 on Defendant's behalf, and express consent given by Plaintiff to Defendant to call her (using an automated dialing system or with pre-recorded messaging).

4) Carmen Smith (Plaintiff)

   *Contact through counsel for Plaintiff*

<u>Subject of information</u>:   Ms. Smith (Plaintiff) is likely to have discoverable information regarding the alleged facts and causes of action set forth in the Complaint.

# ATTACHMENT C

**A description by category and location of, documents, data compilations or other electronically stored information (ESI), and tangible things in Defendant's possession, custody, or control that Plaintiff may use to support its claims unless solely for impeachment, identifying the subjects of this information.**

1. Records reflecting connected and unconnected calls placed to phone number 706-***-1666. These records can be retrieved in Orlando, Florida. Prior to the filing of this lawsuit, counsel for Defendant provided such records to counsel for Plaintiff via email.

2. Audio recordings of connected and unconnected calls placed to phone number 706-***-1666. These records can be retrieved in Orlando, Florida. Prior to the filing of this lawsuit, counsel for Defendant provided such recordings to counsel for Plaintiff via email.

3. Records reflecting Plaintiff, on or about April 28, 2016, visiting a particular web page sponsored by Defendant and clicking a box stating, "I confirm that my information above is accurate and consent to be called as provided above" directly underneath the following text:

   > By checking the box and clicking "Continue" or "Submit", you are providing your electronic signature expressly authorizing and consenting to receive

> marketing calls and/or text messages (using an automated dialing system or containing pre-recorded messaging, at the number provided above) from or on behalf of ETourandTravel, Inc., a Florida corporation, even if this number is listed on any federal or state do not call registry. You understand that you are not required to provide your consent as a condition of purchasing any products or services.

These records can be retrieved in Orlando, Florida.. Prior to the filing of this lawsuit, counsel for Defendant provided such recordings to counsel for Plaintiff via email.

4. A record reflecting Defendant's collation of personal information provided to it by Plaintiff. This record can be retrieved in Orlando, Florida. Prior to the filing of this lawsuit, counsel for Defendant provided such recordings to counsel for Plaintiff via email.

          Respectfully submitted,

          */s/ Eli J. Richardson*
          Georgia Bar No. 233872
          erichardson@bassberry.com
          BASS, BERRY & SIMS PLC
          150 Third Avenue South, Suite 2800
          Nashville, TN  37201
          (615) 742-7825 – Direct Telephone
          (615) 742-6293 – Direct Facsimile
          *Attorney for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of the foregoing document has been served upon the following, counsel for Plaintiff, via the court's ECF system:

>Matthew T. Berry
>Adam J. Klein
>Berry & Associates
>2751 Buford Highway, Suite 600
>Atlanta, GA 30324
>(404) 235-3334 – Telephone
>(404) 235-3333-Fax
>matt@mattberry.com
>aklein@mattberry.com

on this the 9th day of January, 2017.

/s/ Eli Richardson

12300982.8