# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ROME DIVISION

| | |
|---|---|
| CARMEN SMITH, ) | |
| ) | |
|     Plaintiff, ) | Civil Action File No.: |
| ) | 4:16-cv-00304-HLM |
| v. ) | |
| ) | |
| ETOURANDTRAVEL, INC., ) | |
| ) | |
|     Defendant. ) | |
| ) | |

## JOINT PRELIMINARY REPORT AND DISCOVERY SCHEDULE

**1.  Description of Case:**

**(a) Describe briefly the nature of this action.**

Plaintiff contends that Defendant violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, and the Georgia's Fair Business Practices Act ("GFBPA"), O.C.G.A. §10-1-391, *et seq.*

**(b) Summarize, in the space provided below, the facts of this case. The summary should not be argumentative nor recite evidence.**

## Plaintiff's Summary:

In or around April, 2016, Plaintiff began receiving calls from Defendant seeking to sell their services. Plaintiff never provided consent to be contacted by Defendant and to the extent Plaintiff did, Plaintiff explicitly revoked that consent. Furthermore, on or about June 27, 2016 Plaintiff caused a letter to be mailed to Defendant, specifically requesting that it cease calling her cell phone. Defendant continued to make calls to Plaintiff after she had instructed Defendant to not call again.

### **Defendant's Summary:**

On or about April 28, 2016, Plaintiff visited a website sponsored by Defendant, and there she disclosed her phone number and gave her consent to receive from Defendant calls using an automated dialing system or containing pre-recorded messaging. Defendant thereafter placed calls to the phone number provided by Plaintiff (only two of which connected). The making and content of all such calls were lawful and in no way in violation of either the TCPA or the GFBPA.

Defendant was not at any time aware of any revocation of consent made by Plaintiff. On both of the calls to Plaintiff that connected (each of which occurred after Plaintiff's alleged sending of revocation of consent on June 27, 2016), Defendant's representative spoke with a female, presumably Plaintiff; in neither

2

case did Plaintiff express anything at all about revocation of consent or a desire not to be contacted by Defendant.

Even assuming <u>arguendo</u> that Defendant did receive the alleged letter specifically requesting that it cease calling her cell phone, which Plaintiff allegedly caused to be mailed on or about June 27, 2016, Defendant still would not be liable under the TCPA, because Defendant ceased calling Plaintiff as of July 14, 2016 — within a reasonable time after the time at which Defendant would have received such letter had it in fact been sent as alleged.

In addition, during and in connection with its calls to Plaintiff, Defendant's representatives neither said nor did anything that was misleading, otherwise unfair or deceptive, or otherwise in violation of the GFBPA.

Moreover, Plaintiff has not suffered any actual, cognizable injury from any alleged acts of Defendant, and Defendant did not act in willful disregard of any rights possessed by Plaintiff.

**(c) The legal issues to be tried are as follows:**

    1)    Whether Defendant violated the GFBPA;

    2)    Whether the Plaintiff is entitled to actual damages under the GFBPA;

3) The amount of actual damages, if any, to which Plaintiff is entitled under the GFBPA;

4) The amount of attorney's fees, if any, to which Plaintiff is entitled under the GFBPA;

5) Whether Plaintiff is entitled to exemplary damages under the GFBPA;

6) Whether any violation of the GFBPA on the part of Defendant was intentional;

7) Whether Defendant placed any telephone call to the telephone number (706) ***-1666;

8) Whether Defendant placed any telephone call to the telephone number (706) ***-1666 using an automatic telephone dialing system;

9) Whether Plaintiff gave consent to place telephone calls to the telephone number (706) ***-1666;

10) Whether Plaintiff revoked any consent previously given to place telephone calls to the telephone number (706) ***-1666, and, if so, whether Defendant was aware of such revocation.

11) Whether Defendant complied with TCPA by ceasing to call Plaintiff within two weeks after Defendant allegedly would have received and processed the notice of revocation of consent Plaintiff claims to have mailed?

12) Whether Defendant violated the TCPA;

13) Whether any violation of the TCPA on the part of Defendant was willful or knowing;

14) Whether any violation of the TCPA on the part of Defendant was negligent;

15) The amount to be awarded to Plaintiff, if any, for any violation of the TCPA by Defendant.

**(d) The cases listed below (include both style and action number) are:**

**(1) Pending Related Cases:**

None.

**(2) Previously Adjudicated Related Cases:**

None.

**2.     This case is complex because it possesses one (1) or more of the features listed below (please check):**

This case is not complex.

      \_\_\_ (1) Unusually large number of parties

      \_\_\_ (2) Unusually large number of claims or defenses

      \_\_\_ (3) Factual issues are exceptionally complex

      \_\_\_ (4) Greater than normal volume of evidence

      \_\_\_ (5) Extended discovery period is needed

      \_\_\_ (6) Problems locating or preserving evidence

      \_\_\_ (7) Pending parallel investigations or action by the government

      \_\_\_ (8) Multiple use of experts

      \_\_\_ (9) Need for discovery outside United States boundaries

      \_\_\_ (10) Existence of highly technical issues and proof

**3.     Counsel:**

**The following individually-named attorneys are hereby designated as lead counsel for the parties:**

    Plaintiff:

                            Adam Klein
                            Matthew T. Berry
                            Berry & Associates, P.C.
                            2751 Buford Highway
                            Suite 600

Atlanta, Georgia 30324
Telephone: (404) 235-3300
E-mail: aklein@mattberry.com
E-mail: matt@mattberry.com

Defendant:

Eli Richardson
Bass Berry & Sims
150 Third Avenue South; Suite 2800
Nashville, TN 37201
Telephone: (615) 742-7825
E-mail: erichardson@bassberry.com

**4.    Jurisdiction:**

**Is there any question regarding this Court's jurisdiction?**

**_____ Yes   __X__  No.**

**If "yes," please attach a statement, not to exceed one (1) page, explaining the jurisdictional objection. When there are multiple claims, identify and discuss separately the claim(s) on which the objection is based. Each objection should be supported by authority.**

**5.    Parties to This Action:**

**(a) The following persons are necessary parties who have not been joined:** None.

**(b) The following persons are improperly joined as parties:** None.

**(c) The names of the following parties are either inaccurately stated or necessary portions of their names are omitted:** None.

**(d) The parties shall have a continuing duty to inform the Court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.**

**6.     Amendments to the Pleadings:**

**Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed. R. Civ. P. 15.  Further instructions regarding amendments are contained in LR 15.**

**(a) List separately any amendments to the pleadings which the parties anticipate will be necessary:** None.

**(b) Amendments to the pleadings submitted LATER THAN THIRTY (30) DAYS after the preliminary planning report is filed or should have been filed will not be accepted for filing, unless otherwise permitted by law.**

**7.     Filing Times For Motions:**

**All motions should be filed as soon as possible.  The local rules set specific filing limits for some motions.  These times are restated below.**

**All other motions must be filed WITHIN THIRTY (30) DAYS after the preliminary planning report is filed or should have been filed, unless the filing party has obtained prior permission of the Court to file later. Local Rule 7.1A(2).**

**(a) *Motions to Compel:* before the close of discovery or within the extension period allowed in some instances. Local Rules 37.1.**

**(b) *Summary Judgment Motions:* within twenty (20) days after the close of discovery, unless otherwise permitted by Court order. Local Rule 56.1.**

**(c) *Other Limited Motions:* Refer to Local Rules 7.2A, 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.**

**(d) *Motions Objecting to Expert Testimony:* <u>Daubert</u> motions with regard to expert testimony no later than the date that the proposed order is submitted. Refer to Local Rule 7.2F.**

**8.     Initial Disclosures:**

**The parties are required to serve initial disclosures in accordance with Fed. R. Civ. P. 26. If any party objects that initial disclosures are not appropriate, state the party and basis for the party's objection.**

The parties do not object to serving Initial Disclosures.

9

**9.     Request for Scheduling Conference:**

**Does either party request a scheduling conference with the Court? If so, please state the issues which could be addressed and the position of each party.**

Not at this time.

**10.   Discovery Period:**

**The discovery period commences thirty (30) days after the appearance of the first defendant by answer to the complaint.  As stated in LR 26.2, responses to initiated discovery must be completed before expiration of the assigned discovery period.**

**Cases in this Court are assigned to one of the following three (3) discovery tracks:  (a) zero (0)-months discovery period, (b) four (4)-months discovery period, and (c) eight (8)-months discovery period.  A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F.  The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.**

**Please state below the subjects on which discovery may be needed:**

<u>**Plaintiff**</u>**:**

It is anticipated that fact discovery will be necessary regarding the allegations set forth in the Complaint, Plaintiff's alleged damages and Defendant's defenses; all communication between Plaintiff and Defendant; the identity of all persons with knowledge of the facts alleged in the Complaint.

**Defendant:**

It is anticipated that fact discovery will be necessary regarding the allegations set forth in the Complaint, the alleged injury to Plaintiff; Plaintiff's alleged damages; Defendant's defenses; all communication between Plaintiff and Defendant, including Plaintiff's alleged letter to Defendant allegedly sent on or about June 27, 2016; and the identity of all persons with knowledge of the alleged facts set forth in the Complaint.

**If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery, please state those reasons in detail below:**

No additional time is requested at this time.

**11. Discovery Limitations**

**(a) What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed.**

None at this time.

**(b) Is any party seeking discovery of electronically stored information?**

  __X__ Yes   ____ No.

**If "yes,"**

**(1) The parties have discussed the sources and scope of the production of electronically stored information and have agreed to limit the scope of production (e.g., accessibility, search terms, date limitations, or key witnesses) as follows:**

Discovery may encompass electronically stored information ("ESI"). The parties acknowledge their obligation to take reasonable and proportionate steps for preserving relevant and discoverable ESI within their possession, custody, or control. The parties acknowledge, further, that requests for ESI, and responses to those requests, must be reasonably targeted, clear, and as specific as practicable. The parties have discussed the production of ESI and have not agreed on a specific limit of the scope of production.

**(2) The parties have discussed the format for the production of electronically stored information (e.g., Tagged Image File Format (TIFF or .TIF files), Portable Document Format (PDF), or native), method of production (e.g., paper or disk), and the inclusion or exclusion and use of metadata, and have agreed as follows:**

The parties have discussed the format for the production of ESI, and have agreed that ESI shall be provided in the form of Portable Document Format (PDF), with optical character recognition to make the document searchable, and that audio files shall be provided in Waveform Audio File Format (WAVE, or WAV), or MPEG-1 Audio Layer-3 (MP3). ESI shall be provided to opposing counsel by email where size permits, otherwise by US Mail or courier.

**12. Other Orders:**

**What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16 (b) and (c)?**

None at this time.

**13. Settlement Potential:**

**(a) Lead counsel for Plaintiff and Defendant certify by their signatures below that they conducted a Rule 26(f) conference that was held on <u>January 6, 2017</u>, and that they participated in settlement discussions.**

>       **For Plaintiff:**    Lead counsel (signature):
>
>       */s/ Adam Klein*
>       Adam Klein
>
>       **For Defendant:**    Lead counsel (signature):
>
>       */s/ Eli Richardson*
>       Eli Richardson

**(b) All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:**

(__X__) **A possibility of settlement before discovery.**

(_____) **A possibility of settlement after discovery.**

(_____) **A possibility of settlement, but a conference with the judge is needed**.

(_____) **No possibility of settlement**.

**(c) Counsel (__X__) do or (_____) do not intend to hold additional settlement conferences among themselves prior to the close of discovery. The proposed date of the next settlement conference is to be determined.**

**(d) The following specific problems have created a hindrance to settlement of this case.**

None.

**14. Trial by Magistrate Judge:**

**Note: Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.**

**(a) The parties (_____) do consent to having this case tried before a magistrate judge of this Court. A completed Consent to Jurisdiction by a United States Magistrate Judge form has been submitted to the Clerk of Court**

**(b) The parties (<u> X </u>) do not consent to having this case tried before a magistrate judge of this Court.**

Dated: January 12, 2017

| **BERRY & ASSOCIATES, P.C.** | **BASS BERRY & SIMS** |
|---|---|
| */s/ Adam Klein*<br>Adam Klein<br>Georgia Bar No.: 425032<br>Matthew Berry<br>Georgia Bar No.: 055663<br>2751 Buford Highway, Suite 600<br>Atlanta, GA 30324<br>Telephone: (404) 235-3300<br>aklein@mattberry.com<br>matt@mattberry.com<br><br>*Counsel for Plaintiff* | */s/ Eli Richardson*<br>Eli Richardson<br>Georgia Bar No.: 233872<br>150 Third Avenue South; Suite 2800<br>Nashville, TN 37201<br>Telephone: (615) 742-7825<br>erichardson@bassberry.com<br><br>*Counsel for Defendant* |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ROME DIVISION

| | |
|---|---|
| CARMEN SMITH, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ETOURANDTRAVEL, INC., )<br>)<br>Defendant. )<br>_____ ) | Civil Action File No.:<br>4:16-cv-00304-HLM |

## **SCHEDULING ORDER**

Upon review of the information contained in the Preliminary Report and Discovery Schedule, the Court orders that the time limits for adding parties, amending the pleadings, filing motions, completing discovery, and discussing settlement are as stated in the above completed form, except as herein modified:

**IT IS SO ORDERED**, this _____ day of _____, 2016.

_____
**Magistrate Judge, United States District Court**

21145273.2